## Milakofsky v. A. Raymond Raff Company.

*Pleading—Statement of claim—Sufficiency—Removing wall—Falling upon plaintiff's premises—Negligence—Damages—Rule for more specific statement.*

A statement of claim which alleges that defendant's employees so negligently tore down a wall that it was thrown upon plaintiff's premises is a sufficient allegation of negligence, but an allegation that the premises occupied by the plaintiff were thereby rendered unfit for the use of his business is not sufficient, because it does not state whether the damage was permanent or temporary, nor is there a description of the character or extent of the injury, and a rule for a more specific statement of claim will be made absolute.

Trespass for damages sustained in removing a wall. Rule for more specific statement of claim. C. P. No. 5, Phila. Co., March T., 1927, No. 8891.

*D. S. Malis,* for plaintiff; *J. G. Gordon,* for defendant.

PER CURIAM, July 18, 1927.—Plaintiff brought suit to recover damages caused by a wall, in course of removal by defendant from a property adjoining that occupied by plaintiff as tenant, falling upon plaintiff's premises.

The statement of claim alleges that it was the duty of defendant to remove the wall in such manner as to avoid throwing it upon the premises occupied by plaintiff, but that defendant's employees so negligently tore down the wall as to throw it upon plaintiff's premises and thereby caused the damages to recover which suit was instituted.

Upon presentation of a petition by defendant, a rule was entered to show cause why a more specific statement of claim should not be filed.

The operation of removing the wall was under the control of the defendant. Casting it upon the premises occupied by plaintiff was such an unusual occurrence as to lead to a presumption of negligence, and to require defendant, who

was presumed to have been fully informed of the method pursued in removing the wall, to escape liability, either to deny that the wall was thrown upon plaintiff's property, or to assert that the occurrence was not due to negligence upon the part of defendant's employees. The statement of claim is as full and specific upon this point as the circumstances require, but defendant is entitled to a more specific description of the damages claimed.

It is alleged that the premises occupied by plaintiff were rendered unfit for the use of his business; but it is not stated whether the damage to the premises was permanent or temporary, and there is no description of the character or extent of the injury on the basis of which the claim of $2500 is calculated.

The statement also fails to detail the trade fixtures damaged or the nature of the injury to them for which plaintiff claims $800, nor is there any specific statement as to the automobile accessories and supplies alleged to have been damaged to the extent of $278.75.

Prior to the passage of the Act of May 14, 1915, P. L. 483, defendant would have been entitled to demand the detailed information necessary to prepare a defence by asking for a bill of particulars. Modern pleading requires "a statement in a concise and summary form of the material facts upon which the party pleading relies for his claim."

Rule absolute.